# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Ivette VELEZ, | |
| Plaintiff, | Civil No. 15-3638 (RBK/KMW) |
| v. | **Opinion** |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Ivette Velez's ("Plaintiff") Complaint against Defendant Wells Fargo Bank, N.A. ("Defendant") alleging violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Currently before the Court is Defendant's Motion for Summary Judgment (Doc. No. 30). For the reasons stated herein, Defendant's Motion is **GRANTED**.

## I.  BACKGROUND

### A.  Facts

The parties do not dispute the relevant facts. Plaintiff opened a credit card account with Defendant in December 2011 and agreed to the terms contained in the Consumer Credit Card Customer Agreement & Disclosure Statement. Def.'s Statement of Undisputed Material Facts ("Def.'s SMF") ¶¶ 1–2. Pursuant to those terms, Plaintiff granted Defendant permission to contact her to service or collect on her account via "any means," including "automated dialing devices" and "prerecorded/artificial voice messages." *Id.* ¶ 3; Def.'s Mot. Summ. J., Lavery

1

Decl. Ex. 2, ¶ 5. On August 15, 2014, Plaintiff again provided Defendant with consent to call her cellular phone, and Defendant used a dialer to make such telephone calls as early as August 2014. Def.'s SMF ¶¶ 6–7. On December 8, 2014, Plaintiff revoked her consent, and Defendant continued using a dialer to call Plaintiff's cellular phone between December 8, 2014 and January 13, 2015. *Id.* ¶¶ 8–9.

On February 9, 2015, the United States District Court for the Southern District of California certified a class for purposes of settlement in the matter of *Franklin v. Wells Fargo Bank, N.A.* No. 14cv02349-MMA (BGS) (S.D. Cal. Jan. 29, 2016); Def.'s SMF ¶ 10; Def's Mot. Summ. J., Lavery Decl. Ex. 11, ¶ 3. The class was defined as: "All cell phone users or subscribers . . . to which Wells Fargo placed any calls from November 1, 2009 to September 17, 2014 using any automated dialing technology or artificial or prerecorded voice technology . . . ." Def.'s SMF ¶ 12; Def.'s Mot. Summ. J. Ex. 11, ¶ 3. Plaintiff received notice of the *Franklin* settlement by mail, and she did not exclude herself, opt out, or submit any objection. Def.'s SMF ¶¶ 16, 20–21. On January 26, 2016, the United States District Court for the Southern District of California entered final approval of the settlement. *Id.* ¶ 25; Def.'s Mot. Summ. J., Lavery Decl. Ex. 10. Per the Settlement Agreement and Release, all class members who did not opt out agreed to release:

> [A]ny and all claims . . . as of the date of the Final Approval Order, that arise out of or relate in any way to the Released Parties' use of "an automatic telephone dialing system" or an "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members in connection with a Consumer Credit Card Account, including the claims of Wells Fargo account holders and non-account holders who are members of the Settlement Class, to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act . . . .

Def.'s SMF ¶ 26; Def.'s Mot. Summ. J., Lavery Decl. Ex. 8, ¶ 16.01A. The waiver extends to "claims that . . . Settlement Class Members do not know or suspect to exist in their favor at the

time that the Settlement and the releases contained therein become effective." Def.'s Mot. Summ. J., Lavery Decl. Ex. 8, ¶ 16.01B.

B.  **Procedural History**

On May 29, 2015, Plaintiff brought a Complaint in the United States District Court for the District of New Jersey alleging Defendant violated the TCPA (Doc. No. 1). On September 9, 2016, Defendant filed the present Motion for Summary Judgment (Doc. No. 30).

**II.  LEGAL STANDARD**

The Court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in its favor. *Id.* at 255; *Matsushita*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The non-moving party must at least put forth probative evidence from which the jury might return a verdict in his favor. *Id.* at

257. Where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. DISCUSSION

Defendant argues that Plaintiff's claims are barred by the doctrine of res judicata, in light of the *Franklin* class settlement. Plaintiff responds that her suit concerns calls that took place after the end of the class period.

Res judicata, or claim preclusion, bars a subsequent suit where there has been: "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *E.E.O.C. v. U.S. Steel Corp.,* 921 F.2d 489, 493 (3d Cir. 1990). "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotations and citations omitted). Res judicata "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Determining whether a subsequent suit involves the same claim "does not depend on the specific legal theory invoked, but rather the essential similarity of the underlying events giving rise to the various legal claims." *Elkadrawy v. Vanguard Grp., Inc.,* 584 F.3d 169, 173 (3d Cir. 2009) (internal citations omitted).

The Court finds that res judicata bars Plaintiff's claims in this case. First, a judicially approved settlement agreement qualifies as a final judgment on the merits, *Toscano v. Conn. Gen. Life Ins. Co.*, 288 Fed. App'x. 36, 38 (3d Cir. 2008), and the *Franklin* settlement was

judicially approved. Def.'s SMF ¶ 25; Def.'s Mot. Summ. J., Lavery Decl. Ex. 10. Second, Plaintiff and Defendant were both parties to the *Franklin* settlement: the release in the class action settlement concerns claims brought against Defendant, and Plaintiff does not dispute that she is a member of the class because she received automated telephone calls from November 1, 2009 to September 17, 2014, was sent a class notice, and did not opt out.

Lastly, the claims raised by Plaintiff are the same claims at issue in the *Franklin* settlement. The Third Circuit has pronounced that "[i]t is settled in this circuit that a class representative can enter into a settlement that bars future claims by class members even though the precluded claim was not presented, and could not have been presented, in the class action itself." *Freeman v. MML Bay State Life Ins. Co.,* 445 Fed. App'x. 577, 579 (3d Cir. 2011) (quoting *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 366 (3d Cir. 2001)) (internal citations omitted). The key question is whether "the factual predicate for future claims is identical to the factual predicate underlying the settlement agreement." *Freeman*, 445 Fed. App'x. at 579. In *Freeman*, the court found that the plaintiff's breach of contract claim challenging the defendant's calculation of charges was barred because the plaintiff's claim concerned a transaction on a policy that was covered by the release in the settlement agreement. *Id.* at 579–80. In this matter, Plaintiff challenges automated telephone calls made by Defendant beginning in the November 1, 2009 to September 17, 2014 period for the purposes of collecting a debt. These are the same calls covered by the *Franklin* release and thus have an identical factual predicate.

Plaintiff asserts that the release in *Franklin* applies only to calls that took place during the class period, so the calls Plaintiff received after that time do not arise from the same facts. The Third Circuit, however, rejected that very argument in *Freeman*, where the plaintiff conceded

5

that overcharges on his policy began during the class period but limited his claims to amounts billed after the class period. *Id.* at 580. Finding that the release did "cover[] claims that could have been alleged at the time provided they arise out of, or are in any way related to, the covered transactions," the court dismissed the case. *Id.* Applying that ruling here, this Court concludes that it is of no consequence that Defendant also made automated calls to Plaintiff after the class period; Plaintiff admits that the automated calls began during the class period and thereby her claim is barred. Moreover, the Settlement Agreement and Release expressly releases all claims as of the date of the Final Approval Order, January 26, 2016, and all the calls underlying Plaintiff's Complaint occurred before that date. Thus, res judicata bars Plaintiff's claims, and the Court grants the Motion for Summary Judgment.

### IV. CONCLUSION

For the reasons expressed above, Defendant's Motion for Summary Judgment is **GRANTED**.

Dated: 4/11/2017                                                     s/ Robert B. Kugler

                                                                                     ROBERT B. KUGLER

                                                                                     United State District Judge